QUINN LAW GROUP, LLC
BY: SEAN E. QUINN, ESQUIRE (ID No. 86346)
DAVID M. SIMON, ESQUIRE (ID No. 208044)
226 Walnut Street
Philadelphia, PA 19106
(215) 360-3666
sean@quinnlawyers.com
david@quinnlawyers.com
Attorneys for Plaintiff

Filed and Attested by the
Office of Judicial Records
08 AUG 2024 03:45 pm

| | |
|---|---|
| KRISTAN CLARK | PHILADELPHIA COUNTY |
| v. | COURT OF COMMON PLEAS |
| DOLLAR TREE STORES, INC. | AUGUST TERM, 2024 |
| FAMILY DOLLAR STORES, INC. | NO. |
| FAMILY DOLLAR, INC. | |
| REVOLENT CAPITAL SOLUTIONS d/b/a THE FACILITIES GROUP | |
| RCS IWC HOLDINGS, LLC | |
| MTC FACILTY MAINTENANCE LLC | |
| PURESAN HOLDINGS, LLC d/b/a NATIONAL JANITORIAL SERVICES | |
| JOHN DOES 1-5 | |

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCE FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215) 238-6333

AVISO

Le han demando a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) diás de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO, VAYA PERSONAALMENTE O LLAME POR TELEFONO A LA OFICINA MENCIODADA A CONTINUACION. ESTA OFFICINA LE PUEDE PROVEER LA INFORMACION NECESARIA PARA CONTRACTAR A UN ABOGADO.

SI USTED CARECE DE LOS MEDIOS NECESARIOS PARA CONTRATAR A UN ABOGADO, DICHA OFICINA LE PUEDE SUMINISTRAR LA INFORMACION NECESARIA ACERCA DE AQUELLAS AGENCIAS QUE OFRECEN SERVICIOS LEGALES A LAS PERSONAS QUE TIENEN DERECHO A RECIBIR TAL AYUDA GRATIS O A UNA CUOTA REDUCIDA.

ASOCIACIÓN DE LICENCIADOS DE FILADEFIA
SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL
1101 Market Street, 11th Floor
Filadelfia, PA 19107
(215) 238-6333

QUINN LAW GROUP, LLC
BY: SEAN E. QUINN, ESQUIRE (ID No. 86346)
DAVID M. SIMON, ESQUIRE (ID No. 208044)
226 Walnut Street
Philadelphia, PA 19106
(215) 360-3666
sean@quinnlawyers.com
david@quinnlawyers.com
Attorneys for Plaintiff

| | |
|---|---|
| KRISTAN CLARK<br>915 Anderson Street<br>Trainer, PA 19061 | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS |
| v. | AUGUST TERM, 2024 |
| DOLLAR TREE STORES, INC.<br>500 Volvo Parkway<br>Chesapeake, VA 23320 | NO. |
| FAMILY DOLLAR STORES, INC.<br>500 Volvo Parkway<br>Chesapeake, VA 23320 | |
| FAMILY DOLLAR, INC.<br>10401 Monroe Road<br>Matthews, NC 28105 | |
| REVOLENT CAPITAL SOLUTIONS d/b/a<br>THE FACILITIES GROUP<br>217 N Howard Ave, Suite 200<br>Tampa, FL 33606 | |
| RCS IWC HOLDINGS, LLC<br>217 N Howard Ave, Suite 200<br>Tampa, FL 33606 | |
| MTC FACILTY MAINTENANCE LLC<br>206 High Street W<br>Glassboro, NJ 08028 | |
| PURESAN HOLDINGS, LLC d/b/a NATIONAL<br>JANITORIAL SERVICES<br>217 N Howard Ave, Suite 200<br>Tampa, FL 33606 | |
| JOHN DOES 1-5 | |

## COMPLAINT

Plaintiff, Kristan Clark, by and through her attorneys, Quinn Law Group, LLC, hereby files the within Complaint, and in support thereof, avers:

1. Plaintiff, Kristan Clark, is an adult citizen of the Commonwealth of Pennsylvania, residing at 915 Anderson Street, Trainer, PA 19061.

2. Defendant, Dollar Tree Stores, Inc., is, upon information and belief:

a. a business entity incorporated in the Commonwealth of Virginia;

b. a business entity maintaining its headquarters at 500 Volvo Parkway, Chesapeake, Virginia 23320;

c. a business entity registered to conduct business within the Commonwealth of Pennsylvania;

d. a business entity that conducts regular and systematic business in the Commonwealth of Pennsylvania;

e. a business entity that has purposefully availed itself of the rights and privileges of the Commonwealth of Pennsylvania;

f. a business entity that conducts regular and systematic business in Philadelphia County;

g. a business entity that engaged in regular and systematic business with persons in Philadelphia County;

h. a business entity that derived revenue from Philadelphia County-based customers, persons, and/or businesses;

i. a business entity that regularly and systematically provided services to customers in Philadelphia County;

j. a business entity that owns and operates stores under the business names Family Dollar and Dollar Tree in the Commonwealth of Pennsylvania;

k. a business entity that owns and operates approximately 38 Dollar Tree stores and 35 Family Dollar stores in Philadelphia County;

l. a business entity that owns the store known as Family Dollar located at 3290 Chichester Avenue, Boothwyn, Pennsylvania 19061 (hereinafter referred to as the “Premises” and/or “Store”);

m. a business entity that hired, contracted, and/or retained contractor(s) to perform cleaning services at or within the Store;

n. a business entity that manages the Store;

o. a business entity that operates the Store;

p. a business entity that controls the Store; and

q. a business entity that maintained an agency relationship with Co-Defendants.

3. Defendant, Family Dollar Stores, Inc., is, upon information and belief:

a. a business entity incorporated in the Commonwealth of Virginia;

b. a business entity maintaining its headquarters at 500 Volvo Parkway, Chesapeake, Virginia 23320;

c. a business entity registered to conduct business within the Commonwealth of Pennsylvania;

d. a business entity that conducts regular and systematic business in the Commonwealth of Pennsylvania;

e. a business entity that has purposefully availed itself of the rights and privileges of the Commonwealth of Pennsylvania;

f. a business entity that conducts regular and systematic business in Philadelphia County;

g. a business entity that engaged in regular and systematic business with persons in Philadelphia County;

h. a business entity that derived revenue from Philadelphia County-based customers, persons, and/or businesses;

i. a business entity that regularly and systematically provided services to customers in Philadelphia County;

j. a business entity that owns and operates stores under the business names Family Dollar and Dollar Tree in the Commonwealth of Pennsylvania;

k. a business entity that owns and operates 38 Dollar Tree stores and 35 Family Dollar stores in Philadelphia County;

l. a business entity that owns the Store;

m. a business entity that hired, contracted, and/or retained contractor(s) to perform cleaning services at or within the Store;

n. a business entity that manages the Store;

o. a business entity that operates the Store;

p. a business entity that controls the Store; and

q. a business entity that maintained an agency relationship with Co-Defendants.

4. Defendant, Family Dollar, Inc., is, upon information and belief:

a. a business entity incorporated in the State of North Carolina;

b. a business entity maintaining its headquarters at 10401 Monroe Road Matthews, North Carolina, 28105;

c. a business entity registered to conduct business within the Commonwealth of Pennsylvania;

d. a business entity that conducts regular and systematic business in the Commonwealth of Pennsylvania;

e. a business entity that has purposefully availed itself of the rights and privileges of the Commonwealth of Pennsylvania;

f. a business entity that conducts regular and systematic business in Philadelphia County;

g. a business entity that engaged in regular and systematic business with persons in Philadelphia County;

h. a business entity that derived revenue from Philadelphia County-based customers, persons, and/or businesses;

i. a business entity that regularly and systematically provided services to customers in Philadelphia County;

j. a business entity that owns and operates stores under the business names Family Dollar and Dollar Tree in the Commonwealth of Pennsylvania;

k. a business entity that owns and operates 38 Dollar Tree stores and 35 Family Dollar stores in Philadelphia County;

l. a business entity that owns the Store;

m. a business entity that hired, contracted, and/or retained contractor(s) to perform cleaning services at or within the Store;

n. a business entity that manages the Store;

o. a business entity that operates the Store;

p. a business entity that controls the Store; and

q. a business entity that maintained an agency relationship with Co-Defendants.

5. Defendant, Revolent Capital Solutions d/b/a The Facilities Group, is, upon information and belief:

a. an organization incorporated in the State of Florida;

b. an organization maintaining its headquarters at 217 N. Howard Avenue, Suite 200, Tampa, Florida 33606;

c. an organization registered to conduct business within the Commonwealth of Pennsylvania;

d. an organization that conducts regular and systematic business in the Commonwealth of Pennsylvania;

e. an organization that has purposefully availed itself of the rights and privileges of the Commonwealth of Pennsylvania;

f. an organization that conducts regular and systematic business in Philadelphia County;

g. an organization that engaged in regular and systematic business with persons in Philadelphia County;

h. an organization that derived revenue from Philadelphia County-based customers, persons, and/or businesses;

i. an organization that regularly and systematically provided services to customers in Philadelphia County;

j. an organization that owns and operates under the business names Revolent Capitol Solutions and The Facilities Group in the Commonwealth of Pennsylvania;

k. an organization responsible for facilities maintenance and janitorial services at the Store;

l. an organization that was hired, contracted, and/or retained by Co-Defendants to provide facilities maintenance and janitorial services; and

m. an organization that maintained an agency relationship with Co-Defendants.

6. Defendant, RCS IWC Holdings, LLC, is, upon information and belief:

a. a limited liability company incorporated in the State of Florida;

b. a limited liability company maintaining its headquarters at 217 N Howard Avenue, Suite 200, Tampa, Florida 33606;

c. a limited liability company registered to conduct business within the Commonwealth of Pennsylvania;

d. a limited liability company that conducts regular and systematic business in the Commonwealth of Pennsylvania;

e. a limited liability company that has purposefully availed itself of the rights and privileges of the Commonwealth of Pennsylvania;

f. a limited liability company that conducts regular and systematic business in Philadelphia County;

g. a limited liability company that engaged in regular and systematic business with persons in Philadelphia County;

h. a limited liability company that derived revenue from Philadelphia County-based customers, persons, and/or businesses;

i. a limited liability company that regularly and systematically provided services to customers in Philadelphia County;

j. a limited liability company that owns and operates under the business name RCS IWC Holdings, LLC, in the Commonwealth of Pennsylvania;

k. a limited liability company responsible for facilities maintenance and janitorial services at the Store;

l. a limited liability company that was hired, contracted, and/or retained by Co-Defendants to provide facilities maintenance and janitorial services; and

m. a limited liability company that maintained an agency relationship with Co-Defendants.

7. Defendant, MTC Facility Maintenance LLC, is, upon information and belief:

a. a limited liability company incorporated in the State of New Jersey;

b. a limited liability company maintaining its headquarters at 206 High Street W, Glassboro, New Jersey 08028;

c. a limited liability company registered to conduct business within the Commonwealth of Pennsylvania;

d. a limited liability company that conducts regular and systematic business in the Commonwealth of Pennsylvania;

e. a limited liability company that has purposefully availed itself of the rights and privileges of the Commonwealth of Pennsylvania;

f. a limited liability company that conducts regular and systematic business in Philadelphia County;

g. a limited liability company that engaged in regular and systematic business with persons in Philadelphia County;

h. a limited liability company that derived revenue from Philadelphia County based customers, persons, and/or businesses;

i. a limited liability company that regularly and systematically provided services to customers in Philadelphia County;

j. a limited liability company that owns and operates under the business name MTC Facility Maintenance LLC in the Commonwealth of Pennsylvania;

k. a limited liability company responsible for facilities maintenance and janitorial services at the Store;

l. a limited liability company that was hired, contracted, and/or retained by Co-Defendants to provide facilities maintenance and janitorial services; and

m. a limited liability company that maintained an agency relationship with Co-Defendants.

8. Defendant, Puresan Holdings LLC d/b/a National Janitorial Services, is, upon information and belief:

a. a limited liability company incorporated in the State of Florida;

b. a limited liability company maintaining its headquarters at 217 N Howard Avenue, Suite 200, Tampa, Florida 33606;

c. a limited liability company registered to conduct business within the Commonwealth of Pennsylvania;

d. a limited liability company that conducts regular and systematic business in the Commonwealth of Pennsylvania;

e. a limited liability company that has purposefully availed itself of the rights and privileges of the Commonwealth of Pennsylvania;

f. a limited liability company that conducts regular and systematic business in Philadelphia County;

g. a limited liability company that engaged in regular and systematic business with persons in Philadelphia County;

h. a limited liability company that derived revenue from Philadelphia County-based customers, persons, and/or businesses;

i. a limited liability company that regularly and systematically provided services to customers in Philadelphia County;

j. a limited liability company that owns and operates under the business names Puresan Holdings, LLC and National Janitorial Services in the Commonwealth of Pennsylvania;

k. a limited liability company responsible for facilities maintenance and janitorial services at the Store;

l. a limited liability company that was hired, contracted, and/or retained by Co-Defendants to provide facilities maintenance and janitorial services; and

m. a limited liability company that maintained an agency relationship with Co-Defendants.

9. Defendants, John Does 1-5, is/are persons and/or businesses, whose identities are presently unknown, after reasonable investigation, whom either (a) owned, operated, managed, and/or maintained the Premises or (b) were in any way responsible for the below slip and fall incident.

10. At all times relevant and material hereto, Defendant(s) acted and/or failed to act by and through their actual and/or apparent agents, contractors, independent contractors, subcontractors, servants, workmen, employees, representatives, and/or ostensible agents, who was/were acting within the course and scope of their actual and/or apparent employment, agency, representation, and/or ostensible agency, and in furtherance of Defendant's interests.

11. At all times relevant and material hereto, Defendant(s) owned, possessed, and/or controlled the Premises.

12. At all times relevant and material hereto, Defendant(s) was/were responsible for maintaining the floor and walking surfaces in the Store in a safe condition for patrons.

13. At all times relevant and material hereto, Defendant(s) was/were responsible for keeping the floor and walking surfaces at the Store free of any hazards.

14. At all times relevant and material hereto, Defendant(s) was/were required to use reasonable care in the inspection and maintenance of the Store's flooring surfaces to protect persons from harm.

15. At all times relevant and material hereto, Defendant(s) was/were required to inspect the flooring surfaces in and around the Store to identify dangerous or slippery conditions.

16. At all times relevant and material hereto, Defendant(s) was/were required to prevent, remove, and/or eliminate the accumulation of slippery substances on the Store's flooring surface.

17. At all times relevant and material hereto, Defendant(s) was/were required to warn persons of the accumulation of slippery substances on the Store's flooring surfaces.

18. At all times relevant and material hereto, Plaintiff, Kristan Clark, was a patron and customer at the Store.

19. At all times relevant and material hereto, Plaintiff, Kristan Clark, was a business invitee at the Store and owed the highest duty of care.

20. On September 10, 2022, Plaintiff, Kristan Clark, was severely injured while walking through the Store when she was caused to slip and fall due to the presence of a slippery substance on the floor due to the negligence and carelessness of the Defendants.

21. At all times relevant and material hereto, Plaintiff, Kristan Clark, was exercising due care for her own safety.

22. This incident was directly and proximately caused by the negligence and carelessness of the Defendants, as set forth more fully hereinafter.

23. Defendant(s) knew or should have known in the exercise of reasonable care, of the existence of the slippery condition that caused Plaintiff to fall, and either eliminated the hazard, contained the hazard, and/or warned of the existence of the hazard.

24. It was or should have been in the exercise of reasonable care, foreseeable to the Defendants that persons, like Plaintiff, would be exposed to this slippery condition at the Store.

25. It was, or should have been in the exercise reasonable care, reasonably foreseeable to the Defendants that persons exposed to this slippery condition could be injured in a manner similar to Plaintiff at the Store.

26. Defendants failed to provide Plaintiff with a safe means of shopping at the Store.

27. Defendants failed to perform reasonable inspections of the flooring surfaces in the Store to identify dangerous conditions and/or hazards.

28. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff, Kristan Clark, sustained serious injuries, including but not limited to lumbar disc herniation at L5-S1; central disc herniation at L4-5; lumbar disc protrusion L3-4; C6 radiculopathy; cervicalgia; contusion of right knee; neck sprain; muscle spasm; rib pain on right side; and right knee pain, among other injuries.

29. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff has been required to undergo medical treatment for the injuries sustained and may continue to require medical care, and/or treatment in the future.

30. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff may be subject to an increased risk that she would develop future complications, and/or injuries, and may require future medical monitoring and/or treatment.

31. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff has incurred expenses for medical care, and may incur additional expenses for the same purposes in the future.

32. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff has been prevented, and may be prevented in the future, from engaging in her usual activities, all to her great personal and/or financial loss.

33. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff has suffered, and may continue to suffer in the future, great pain, discomfort, trauma, humiliation, anxiety, and/or mental anguish.

34. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff has suffered expenses and other financial losses.

35. All Defendants are jointly and severally liable.

**COUNT I - NEGLIGENCE**

36. Plaintiff hereby incorporates by reference the allegations set forth in the above paragraphs as though the same were set forth more fully at length herein.

37. Plaintiff, Kristan Clark, sustained serious injuries and damages as a direct and proximate result of the negligence and carelessness of the Defendants, which consisted of the following:

a. Failing to conduct adequate and appropriate inspections of the Store's floors;

b. Failing to identify the slippery condition that caused Plaintiff to fall;

c. Failing to eliminate the slippery and hazardous condition from the Store;

d. Failing to erect or otherwise place a barricade to prevent persons from coming into contact with the slippery condition at the Store;

e. Failing to properly maintain the flooring surfaces in the Store;

f. Failing to adequately and appropriately clean the flooring surfaces in the Store;

g. Failing to warn persons of the slippery condition;

h. Failing to place or put a sign or cone in the area of the slippery condition in the Store;

i. Permitting the flooring surfaces in the Store to remain in an unsafe and hazardous condition;

j. Ignoring the risk of harm posed by the dangerous or slippery condition;

k. Ignoring the safety of persons walking upon the flooring surfaces in the Store, including Plaintiff;

l. Failing to mark or otherwise designate the presence of the dangerous or slippery condition;

m. Failing to hire competent contractors, workers, companies, and/or persons to inspect, maintain, and/or clean the Store's floors;

n. Failing to adequately train and/or instruct Defendant's personnel, employees, representatives, and/or agents with regard to hazard identification and removal, safety, and/or property maintenance;

o. Failing to adopt and enforce proper and adequate guidelines, policies, and/or procedures relating to safety, property maintenance, hazard identification, inspections, and hazard removal;

p. Failing to institute or implement appropriate policies and procedures pertaining to hazard identification and removal;

q. Failing to supervise and oversee the maintenance and cleaning of the Store's floors;

r. Failing to supervise and oversee the inspection of the Store's floors;

s. Failing to provide adequate safeguards to prevent Plaintiff's fall and injuries; and

t. Failing to provide Plaintiff with a safe means of walking through the Store.

38. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff sustained serious injuries and damages as set forth more fully above.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus interest, cost of suit, delay damages, and/or other relief deemed equitable and appropriate by the Court.

**COUNT II – VICARIOUS LIABILITY**

39. Plaintiff hereby incorporates by reference the allegations set forth in the above paragraphs as though the same were set forth more fully at length herein.

40. At all times relevant and material hereto, Defendants acted and/or failed to act by and through their actual or apparent agents, contractors, independent contractors, subcontractors, servants, workmen, employees, representatives, and/or ostensible agents, who was/were acting within the course and scope of their actual and/or apparent employment, agency, representation, and/or ostensible agency, and in furtherance of Defendant's interests.

41. Defendants are vicariously liable for the negligent and careless acts or omissions of their actual and/or apparent agents, contractors, independent contractors, subcontractors, servants, workmen, employees, representatives, and/or ostensible agents, who was/were acting within the course and scope of their actual and/or apparent employment, agency, and/or representation of the Defendants at the time Plaintiff was injured.

42. Plaintiff was seriously injured, as set forth more fully above, as a direct and proximate result of the negligent and careless acts or omissions of the Defendant's actual and/or apparent agents, contractors, independent contractors, subcontractors, servants, workmen, employees, representatives, and/or ostensible agents, who was/were, at all times relevant and material hereto, acting within the course and scope of their actual and/or apparent employment, agency, and/or representation, and in furtherance of the Defendant's interests.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus interest, cost of suit, delay damages, and/or other relief deemed equitable and appropriate by the Court.

Respectfully Submitted,

QUINN LAW GROUP, LLC

BY: /S/ Sean E. Quinn

SEAN E. QUINN, ESQUIRE
DAVID M. SIMON, ESQUIRE
Attorneys for Plaintiff
226 Walnut Street
Philadelphia, PA 19106
(215) 360-3666

Dated: August 8, 2024

**VERIFICATION**

I, Plaintiff in the within action, make this verification and state that the information contained in the foregoing is true and correct to the best of my knowledge, information and belief and that this verification is made subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities.

DocuSigned by:
Kristan Clark
96A2FD64654344A...

Date: 08/08/2024