IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KRISTAN CLARK,** | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | NO. 2:24-cv-04967-KBH |
| vs. | : | |
| **DOLLAR TREE STORES, INC., FAMILY DOLLAR STORES, INC., FAMILY DOLLAR, INC. REVOLENT CAPITAL SOLUTIONS d/b/a THE FACILITIES GROUP, RCS IWC HOLDINGS, LLC, MTC FACILTY MAINTENANCE LLC, PURESAN HOLDINGS, LLC d/b/a NATIONAL JANITORIAL SERVICES, JOHN DOES 1-5,** | : | |
| Defendants | : | |

**DEFENDANTS, RCS IWC HOLDINGS, LLC, RELOVENT CAPITAL SOLUTIONS D/B/A THE FACILITIES GROUP, and PURESAN HOLDINGS, LLC (improperly named PURESAN HOLDINGS, LLC D/B/A NATIONAL JANITORIAL SERVICES)'s ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

AND NOW comes the Defendants, RCS IWC Holdings, LLC, Revolent Capital Solutions d/b/a The Facilities Group, and Puresan Holdings, LLC (improperly named "Puresan Holdings, LLC d/b/a National Janitorial Services"), by and through the below attorneys, Law Offices of Mezzanotte, Hasson & Sichok, and advice of counsel of record, Danyelle Yondura, Esquire, the Defendants file this herein Answer to the Original Complaint and set forth the following:

1. Denied. After reasonable investigation, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and strict proof thereof is demanded.

2.-4. The averments set forth in these paragraphs are directed to a party other than Answering Defendants, and therefore no further response is required pursuant to the Federal Rules of Civil Procedure.

5. Admitted in part; denied in part. Defendants only admit as to subparts (a)-(c). The remaining averments of this paragraph constitute legal conclusions to which no responses are required under the Federal Rules of Civil Procedure. Moreover, the remaining averments of this paragraph are generally denied, and strict proof thereof is demanded.

6. Admitted in part; denied in part. Defendants only admit as to subpart (a)-(c). The remaining averments of this paragraph constitute legal conclusions to which no responses are required under the Federal Rules of Civil Procedure. Moreover, the remaining averments of this paragraph are generally denied, and strict proof thereof is demanded.

7. The averments set forth in this paragraph are directed to a party other than Answering Defendants, and therefore no further response is required pursuant to the Federal Rules of Civil Procedure.

8. Admitted in part; denied in part. Defendants only admit as to subpart (a)-(c). The remaining averments of this paragraph constitute legal conclusions to which no responses are required under the Federal Rules of Civil Procedure. Moreover, the remaining averments of this paragraph are generally denied, and strict proof thereof is demanded.

9. The averments set forth in this paragraph are directed to a party other than Answering Defendants, and therefore no further response is required pursuant to the Federal Rules of Civil Procedure.

10. Denied. The averments of this paragraph constitute legal conclusions to which no responses are required under the Federal Rules of Civil Procedure. Moreover, the averments of this paragraph are generally denied.

11. Denied. After reasonable investigation, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and strict proof thereof is demanded.

12.-15. Denied. After reasonable investigation, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of these paragraphs, and strict proof thereof is demanded. By way of further answer, the averments of these paragraphs constitute legal conclusions to which no responses are required under the Federal Rules of Civil Procedure. Moreover, the averments of these paragraphs are generally denied pursuant and strict proof thereof is demanded.

16.-18. Denied. After reasonable investigation, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of these paragraphs, and strict proof thereof is demanded.

19. Denied. After reasonable investigation, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and strict proof thereof is demanded. By way of further answer, the averments of this paragraph constitute legal conclusions to which no responses are required under the Federal Rules of Civil Procedure. Moreover, the averments of this paragraph are generally denied, and strict proof thereof is demanded.

20. Denied. It is specifically denied that the Answering Defendants acted negligently and/or carelessly as alleged. The averments of this paragraph constitute legal conclusions to which no responses are required under the Federal Rules of Civil Procedure. After reasonable investigation, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and strict proof thereof is demanded.

21. Denied. After reasonable investigation, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and strict proof thereof is demanded. By way of further answer, the averments of this paragraph constitute legal conclusions to which no responses are required under the Federal Rules

of Civil Procedure. Moreover, the averments of this paragraph are generally denied, and strict proof thereof is demanded.

22. Denied. It is specifically denied that the Answering Defendants acted negligently and carelessly as alleged.

23.-26. Denied. The averments of these paragraphs constitute legal conclusions to which no responses are required under the Federal Rules of Civil Procedure. Moreover, the averments of these paragraphs are generally denied pursuant to Pa. R.C.P. 1029(e).

27. Denied. After reasonable investigation, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and strict proof thereof is demanded. By way of further answer, the averments of this paragraph constitute legal conclusions to which no responses are required under the Federal Rules of Civil Procedure. Moreover, the averments of this paragraph are generally, and strict proof thereof is demanded.

28.-34. Denied. It is specifically denied that the Answering Defendants acted negligently and/ or carelessly as alleged. The averments of these paragraphs constitute legal conclusions to which no responses are required under the Federal Rules of Civil Procedure. After reasonable investigation, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of these paragraphs, and strict proof thereof is demanded.

35. Denied. The averments of this paragraph constitute legal conclusions to which no responses are required under the Federal Rules of Civil Procedure. Moreover, the averments of this paragraph are generally denied pursuant to Pa. R.C.P. 1029(e).

**WHEREFORE**, it is requested that judgment be entered in favor of Answering Defendants.

### COUNT I - NEGLIGENCE

36. Answering Defendants herein incorporates the above paragraphs as if the same were fully set forth.

37.-38. Denied. It is specifically denied that the Answering Defendants acted negligently and/ or carelessly as alleged. The averments of these paragraphs constitute legal conclusions to which no responses are required under the Federal Rules of Civil Procedure. After reasonable investigation, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of these paragraphs, and strict proof thereof is demanded.

**WHEREFORE**, it is requested that judgment be entered in favor of Answering Defendants.

## COUNT II - VICARIOUS LIABILITY

39. Answering Defendants herein incorporates the above paragraphs as if the same were fully set forth.

40. Denied. The averments of this paragraph constitute legal conclusions to which no responses are required under the Federal Rules of Civil Procedure. Moreover, the averments of this paragraph are generally denied.

41. Denied. It is specifically denied that the Answering Defendants acted negligently and carelessly as alleged. By way of further answer, the averments of this paragraph constitute legal conclusions to which no responses are required under the Federal Rules of Civil Procedure. Moreover, the averments of this paragraph are generally denied, and strict proof thereof is demanded.

42. Denied. It is specifically denied that the Answering Defendants acted negligently and/ or carelessly as alleged. The averments of this paragraph constitute legal conclusions to which no responses are required under the Federal Rules of Civil Procedure. After reasonable investigation,

the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and strict proof thereof is demanded.

**WHEREFORE**, it is requested that judgment be entered in favor of Answering Defendant.

### AFFIRMATIVE DEFENSES

Defendants herein incorporate their answers in Paragraphs 1 through 42 above as though same were fully set forth at length herein. Defendants assert the following Affirmative Defenses to the allegations made in Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint may fail to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred and/or limited by the provisions of the Pennsylvania Comparative Negligence Act, 42 Pa. C.S.A. § 7102.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred and/or limited by the failure to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

Any acts or omissions of the Defendants alleged to constitute negligence may not have been the substantial or factual causes of the subject incident and/or may not have resulted in the damages and/or losses alleged by the Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff may have assumed the risk of any damages alleged.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be due in whole or in part to an act or acts of commission or omission of persons, parties or entities other than the Defendants and over whom the Defendants had no control or right of control.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred and/or limited by the doctrine of release, and/or doctrine of res judicata and/or doctrine of collateral estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

The Defendants may not have had notice of the alleged condition complained of in Plaintiff's Complaint and Defendants carefully and prudently performed any and all duties it may have owed to the Plaintiff the existence of any such duties being expressly herein denied.

## NINTH AFFIRMATIVE DEFENSE

The Defendants did not breach any duty owed to Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained the injuries and damages as alleged in the Complaint, such injuries and damages were the result of conditions, events, actions, inactions, persons or entities, over which Defendants had no control and for which it has no legal responsibility.  Such persons or entities have agreed by contract and otherwise to defend and indemnity Defendants for the injuries and damages alleged by Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

The incident that is the subject of Plaintiff's Complaint was neither caused in fact nor proximately caused by any fault, act, omission, conduct, breach of duty, negligence, carelessness, or recklessness by or attributable to Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

The injuries and damages alleged by Plaintiff, if there are any, were the result of intervening and superseding causes for which Defendants cannot be held liable.

## THIRTEENTH AFFIRMATIVE DEFENSE

The sole proximate cause of Plaintiff's alleged injuries and damages, if there are any, was the act or omission of other persons or entities. Such persons or entities have agreed by contract and otherwise to defend and indemnify Defendants for the injuries and damages alleged by Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

If any unsafe or dangerous condition existed at the premises as alleged in Plaintiff's Complaint, such unsafe or dangerous condition was open, known, and obvious to Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

If any unsafe or dangerous condition existed at the premises as alleged in Plaintiff's complaint, Defendants took all reasonable steps to correct such unsafe or dangerous condition.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff may have sustained injuries and damages, Plaintiff has failed to mitigate those damages as required by applicable law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were caused by pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases or illnesses.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the Fair Share Act (42 Pa. C.S.A. § 7102).

### NINETEENTH AFFIRMATIVE DEFENSE

If the defect were on the property, which is specifically denied, then Defendants did not have actual or constructive notice of the alleged defect within a sufficient time prior to Plaintiff's alleged injury to have taken measures to protect against the alleged dangerous condition

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were caused by the criminal, intentional, and/or negligent acts of a third party or parties who were not the agents, servants, employees or workers of Defendants, and these acts constitute a superseding cause of Plaintiff's injuries to any conduct of Defendants.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The physical therapy services for which claims are made by Plaintiff were not or may not have been performed by a licensed physical therapist, and therefore no recovery can be had for those services.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's medical treatment, and the bills and charges therefore, were not necessary and reasonable, and were not causally connected to the accident complained of.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

If Plaintiff's incident and/or injuries, occurred while he was in the course and scope of her employment and then her medical bills were the obligation of her employer's Workers' Compensation carrier and are neither recoverable nor subject to subrogation in this action. <u>Frazier v. W.C.A.B.</u> (Bayada Nurses, Inc.) 52 A. 3d 241 (PA 2012). Supreme Court 2012, 2012 WL 4465855 (Pa., September 28, 2012).

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Defendants reserve the right to assert additional affirmative defenses that are not known at this time and preserves those and other affirmative defenses as they are ascertained through discovery.

### CROSS-CLAIMS

**DEFENDANTS, RCS IWC HOLDINGS, LLC, RELOVENT CAPITAL SOLUTIONS D/B/A THE FACILITIES GROUP, and PURESAN HOLDINGS, LLC (improperly named PURESAN HOLDINGS, LLC D/B/A NATIONAL JANITORIAL SERVICES) FIRST CROSS-CLAIM AGAINST DEFENDANTS, DOLLAR TREE STORES, INC., FAMILY DOLLAR STORES, INC., FAMILY DOLLAR, INC AND**

## JOHN DOES 1-5 FOR COMMON LAW CONTRIBUTION AND/OR INDEMNIFICATION

1. Defendants, RCS IWC HOLDINGS, LLC, RELOVENT CAPITAL SOLUTIONS D/B/A THE FACILITIES GROUP, and PURESAN HOLDINGS, LLC (improperly named PURESAN HOLDINGS, LLC D/B/A NATIONAL JANITORIAL SERVICES) ("Defendants") invokes the provisions of the Pennsylvania Joint Tortfeasors Contribution Law, 42 Pa. C.S. § 8324, et seq., and the Comparative Negligence Act, 42 Pa. C.S. § 7102, et seq., and all of their applicable provisions as they may by law or fact appear against Defendants.

2. Without adoption or admission of the allegations and claims contained therein, Defendants incorporated the entirety of Plaintiff's Complaint as if same were set forth in full and at length herein.

3. Upon information and belief, the alleged slippery condition alleged by Plaintiff, to the extent that same existed, was created and caused by the negligent acts and omissions of Co-Defendants, DOLLAR TREE STORES, INC., FAMILY DOLLAR STORES, INC., FAMILY DOLLAR, INC and JOHN DOES 1-5 and/or contractors or agents thereof.

4. While denying any and all liability with respect to Plaintiff's claims, if in fact any liability is established, Defendants, RCS IWC HOLDINGS, LLC, RELOVENT CAPITAL SOLUTIONS D/B/A THE FACILITIES GROUP, and PURESAN HOLDINGS, LLC (improperly named PURESAN HOLDINGS, LLC D/B/A NATIONAL JANITORIAL SERVICES) are not a fault, is not culpable, and any liability on its part, which is denied, could only be technical, vicarious or secondary to the liability of Co-Defendants, DOLLAR TREE STORES, INC., FAMILY DOLLAR STORES, INC., FAMILY DOLLAR, INC and JOHN DOES 1-5.

5. Co-Defendants, DOLLAR TREE STORES, INC., FAMILY DOLLAR STORES, INC., FAMILY DOLLAR, INC and JOHN DOES 1-5, are directly liable to Plaintiff or, in the

alternative, liable over to Defendants, RCS IWC HOLDINGS, LLC, RELOVENT CAPITAL SOLUTIONS D/B/A THE FACILITIES GROUP, and PURESAN HOLDINGS, LLC (improperly named PURESAN HOLDINGS, LLC D/B/A NATIONAL JANITORIAL SERVICES) for all sums which Defendants, RCS IWC HOLDINGS, LLC, RELOVENT CAPITAL SOLUTIONS D/B/A THE FACILITIES GROUP, and PURESAN HOLDINGS, LLC (improperly named PURESAN HOLDINGS, LLC D/B/A NATIONAL JANITORIAL SERVICES) are found liable to Plaintiff, including but not limited to common law contribution and indemnification.

WHEREFORE, Defendants, RCS IWC HOLDINGS, LLC, RELOVENT CAPITAL SOLUTIONS D/B/A THE FACILITIES GROUP, and PURESAN HOLDINGS, LLC (improperly named PURESAN HOLDINGS, LLC D/B/A NATIONAL JANITORIAL SERVICES) demand judgment in their favor and against Co-Defendants, DOLLAR TREE STORES, INC., FAMILY DOLLAR STORES, INC., FAMILY DOLLAR, INC and JOHN DOES 1-5, for common law contribution and/or indemnification, together with attorneys' fees, costs of suit, and such other relief as the Court deems just and proper.

**DEFENDANTS, RCS IWC HOLDINGS, LLC, RELOVENT CAPITAL SOLUTIONS D/B/A THE FACILITIES GROUP, and PURESAN HOLDINGS, LLC (improperly named PURESAN HOLDINGS, LLC D/B/A NATIONAL JANITORIAL SERVICES) SECOND CROSS-CLAIM AGAINST DEFENDANTS, DOLLAR TREE STORES, INC., FAMILY DOLLAR STORES, INC., FAMILY DOLLAR, INC AND JOHN DOES 1-5 FOR CONTRACTUAL CONTRIBUTION AND/OR INDEMNIFICATION**

1. Defendants, RCS IWC HOLDINGS, LLC, RELOVENT CAPITAL SOLUTIONS D/B/A THE FACILITIES GROUP, and PURESAN HOLDINGS, LLC (improperly named PURESAN HOLDINGS, LLC D/B/A NATIONAL JANITORIAL SERVICES) ("Defendants") invokes the provisions of the Pennsylvania Joint Tortfeasors Contribution Law, 42 Pa. C.S. § 8324,

et seq., and the Comparative Negligence Act, 42 Pa. C.S. § 7102, et seq., and all of their applicable provisions as they may by law or fact appear against Defendants.

2. Without adoption or admission of the allegations and claims contained therein, Defendants incorporated the entirety of Plaintiff's Complaint as if same were set forth in full and at length herein.

3. Upon information and belief, the alleged slippery condition alleged by Plaintiff, to the extent that same existed, was created and caused by the negligent acts and omissions of Co-Defendants, DOLLAR TREE STORES, INC., FAMILY DOLLAR STORES, INC., FAMILY DOLLAR, INC and JOHN DOES 1-5 and/or contractors or agents thereof.

4. While denying any and all liability with respect to Plaintiff's claims, if in fact any liability is established, Defendants, RCS IWC HOLDINGS, LLC, RELOVENT CAPITAL SOLUTIONS D/B/A THE FACILITIES GROUP, and PURESAN HOLDINGS, LLC (improperly named PURESAN HOLDINGS, LLC D/B/A NATIONAL JANITORIAL SERVICES) are not a fault, is not culpable, and any liability on its part, which is denied, could only be technical, vicarious or secondary to the liability of Co-Defendants, DOLLAR TREE STORES, INC., FAMILY DOLLAR STORES, INC., FAMILY DOLLAR, INC and JOHN DOES 1-5.

5. Upon information and belief, pursuant to contract or otherwise, Co-Defendants, DOLLAR TREE STORES, INC., FAMILY DOLLAR STORES, INC., FAMILY DOLLAR, INC and JOHN DOES 1-5, have agreed to defend, indemnify and insure Defendants, RCS IWC HOLDINGS, LLC, RELOVENT CAPITAL SOLUTIONS D/B/A THE FACILITIES GROUP, and PURESAN HOLDINGS, LLC (improperly named PURESAN HOLDINGS, LLC D/B/A NATIONAL JANITORIAL SERVICES) from and against any and all injuries and damages alleged by Plaintiff.

5. Accordingly, to the extent that Defendants, RCS IWC HOLDINGS, LLC, RELOVENT CAPITAL SOLUTIONS D/B/A THE FACILITIES GROUP, and PURESAN HOLDINGS, LLC (improperly named PURESAN HOLDINGS, LLC D/B/A NATIONAL JANITORIAL SERVICES) are held liable for any injuries or damages allegedly sustained and suffered by Plaintiff, the Co-Defendants, DOLLAR TREE STORES, INC., FAMILY DOLLAR STORES, INC., FAMILY DOLLAR, INC and JOHN DOES 1-5, named herein must defend, indemnify and insure Defendants, RCS IWC HOLDINGS, LLC, RELOVENT CAPITAL SOLUTIONS D/B/A THE FACILITIES GROUP, and PURESAN HOLDINGS, LLC (improperly named PURESAN HOLDINGS, LLC D/B/A NATIONAL JANITORIAL SERVICES) from any against any monetary judgment of this Court in favor of Plaintiff here.

WHEREFORE, Defendants, RCS IWC HOLDINGS, LLC, RELOVENT CAPITAL SOLUTIONS D/B/A THE FACILITIES GROUP, and PURESAN HOLDINGS, LLC (improperly named PURESAN HOLDINGS, LLC D/B/A NATIONAL JANITORIAL SERVICES) demand judgment in their favor and against Co-Defendants, DOLLAR TREE STORES, INC., FAMILY DOLLAR STORES, INC., FAMILY DOLLAR, INC and JOHN DOES 1-5, for contractual contribution and/or indemnification, together with attorneys' fees, costs of suit, and such other relief as the Court deems just and proper.

Respectfully submitted,

**Law Offices of Mezzanotte, Hasson & Sichok**

Kevin J. McCloskey, Esquire
Attorney Identification No.: 91647
**Law Offices of Mezzanotte, Hasson & Sichok**
PO Box 6835
Scranton, PA 18505-6835
215-627-3087

Attorney for Defendants,
RCS IWC HOLDINGS, LLC, RELOVENT CAPITAL
SOLUTIONS D/B/A THE FACILITIES GROUP, and
PURESAN HOLDINGS, LLC (improperly named
PURESAN HOLDINGS, LLC D/B/A NATIONAL
JANITORIAL SERVICES)