**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KRISTAN CLARK,**<br>**Plaintiff,**<br><br>**v.**<br><br>**DOLLAR TREE STORES, INC., FAMILY DOLLAR STORES, INC., FAMILY DOLLAR, INC., REVOLENT CAPITAL SOLUTIONS, doing business as "THE FACILITIES GROUP," RCS IWC HOLDINGS, LLC, MTC FACILITY MAINTENANCE, LLC and PURESAN HOLDINGS, LLC, doing business as "NATIONAL JANITORIAL SERVICES,"**<br>**Defendants.** | **CIVIL ACTION**<br><br><br><br>**NO. 24-4967** |

**HODGE, J.** **November 26, 2025**

**MEMORANDUM**

Pending before the Court in this slip-and-fall case is Defendant MTC Facility Maintenance's ("MTC") Motion to Set Aside Entry of Default by the Clerk of Court ("Motion"). (ECF No. 32.) For the reasons that follow, the Court grants MTC's Motion.

## I. BACKGROUND

On September 10, 2022, Plaintiff Kristan Clark ("Plaintiff") was walking through a Family Dollar location in Boothwyn, Pennsylvania (the "Store") when she slipped and fell, seriously injuring herself. (ECF No. 1-4 at ¶¶ 2, 20.) Specifically, Plaintiff suffered "lumbar disc herniation at L5- S1; central disc herniation at L4-5; lumbar disc protrusion L3-4; C6 radiculopathy; cervicalgia; contusion of right knee; neck sprain; muscle spasm; rib pain on right side; and right knee pain." (*Id.* at ¶ 28.) Plaintiff alleges that the incident occurred "due to the presence of a slippery substance on the floor due to the negligence and carelessness of the Defendants." (*Id.* at

¶ 20.) Among these Defendants is MTC, who performs facilities maintenance and janitorial services at the Store. (*Id.* at ¶ 7.)

In addition to MTC, Plaintiff filed suit against Defendants Dollar Tree Stores, Inc. ("Dollar Tree"); Family Dollar Stores, Inc. ("Family Dollar Stores"); Family Dollar, Inc. ("Family Dollar"); Revolent Capital Solutions *d/b/a* The Facilities Group ("The Facilities Group"); RCS IWC Holdings, LLC ("RCS IWC Holdings"); and Puresan Holdings, LLC *d/b/a* National Janitorial Services ("National Janitorial Services") (collectively "Defendants") for negligence and vicarious liability in the Philadelphia County Court of Common Pleas on August 8, 2024. (ECF No. 1-4 at 12-15.) On September 18, 2024, Defendants removed the case to this Court. (ECF No. 1.) Shortly thereafter, on September 27, Dollar Tree, Family Dollar, and Family Dollar Stores filed a crossclaim against MTC, National Janitorial Services, RCS IWS Holdings, The Facilities Group, and John Does 1-5 for negligence. (ECF No. 4 at 9.)

Plaintiff attempted to serve MTC a total of four times to no avail between October 12, 2024 and October 22, 2024. (ECF No. 6 at 2.) To illustrate, on October 12, the process server left his contact card at a residential address after attempting service and receiving no response. (*Id.*) On October 14, occupant Warren Miles ("W. Miles") called the number on the card and confirmed that MTC is his company; however, he refused to provide a schedule for receipt of service, stating only that he gets home late. (*Id.*) Two days later, on October 16, the process server left another contact card at the residence after unsuccessfully attempting service again, and did the same on October 18 and October 22. (*Id.*) On November 5, 2024, the process server delivered Plaintiff's Complaint to Aviola Miles, the managing agent for MTC, at the same address. (ECF No. 7 at 2.)

Although W. Miles was eventually served on January 4, 2025 (ECF No. 20), MTC failed to file an answer or motion in response to the Complaint, leading Plaintiff to request default against

MTC on April 11. (ECF Nos. 24-25.) The Clerk of Court entered default against MTC on April 14 (ECF No. 26), and on June 16, MTC filed the instant Motion. (No. ECF 32.) Plaintiff submitted a brief in opposition on July 14 and MTC filed a reply brief on July 21. (ECF Nos. 38-39.)

## II. LEGAL STANDARD

"Entry of default is a ministerial task performed by the Clerk of Court upon request." *Rios v. Marv Loves 1*, No. CIV.A. 13-1619, 2015 U.S. Dist. LEXIS 116758, at *7 (E.D. Pa. Sep. 2, 2015). When a "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default" upon a party's request. Fed. R. Civ. P. 55(a). "The time between the entry of default and the entry of default judgment provides the defendant with an opportunity to move, pursuant to Rule 55(c), to vacate the default." *United States v. Mulvenna*, 367 F. App'x 348, 350 (3d Cir. 2010) (internal citation omitted).

District courts have the discretion to set aside the clerk of court's entry of default, but may only do so "for good cause." *Doe v. Hesketh*, 828 F.3d 159, 174-75 (3d Cir. 2016). In determining whether to set aside an entry of default under Rule 55(c), district courts must consider (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct. *U.S. v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). The criteria for determining whether to set aside a default judgment or an entry of default are the same, but are applied more liberally to an entry of default. *See Duncan v. Speach*, 162 F.R.D. 43, 44 (E.D. Pa. 1995); *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982) ("Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment.").

## III. DISCUSSION

MTC argues there is good cause to set aside the entry of default because “(1) Plaintiff will suffer no prejudice from proceeding with this case on the merits, (2) MTC has a legitimate, meritorious defense to Plaintiff’s claims, and (3) MTC’s failure to timely respond does not amount to ‘culpable’ conduct.” (ECF No. 32 at 3.) The Court agrees, albeit with a note of caution, and addresses the aforementioned factors in turn.

**a. Prejudice**

"Under Rule 55, the prejudice requirement compels plaintiffs to demonstrate that the plaintiff's claim would be materially impaired because of the loss of evidence, an increased potential for fraud or collusion, substantial reliance on the entry of default, or other substantial factors." *Dizzley v. Friends Rehab. Program, Inc.*, 202 F.R.D. 146, 147-48 (E.D. Pa. 2001). "Prejudice to a party occurs when 'circumstances have changed since entry of the default such that plaintiff's ability to litigate its claim is now impaired in some material way or if relevant evidence has become lost or unavailable.'" *Miller v. Metro One Loss Prevention Servs. Grp.*, No. CIV.A. 23-1729, 2025 U.S. Dist. LEXIS 56798, at *6 (M.D. Pa. Mar. 27, 2025) (quoting *Accu-Weather, Inc. v. Reuters Ltd.*, 779 F. Supp. 801, 802 (M.D. Pa. 1991)). “Requiring a plaintiff "to establish the merit of its claims does not constitute prejudice in this context." *AccuWeather*, 779 F. Supp. at 802.

In its Motion, MTC asserts that, “[b]eyond generic allegations of inconvenience, Plaintiff cannot articulate any hardships that support a finding of prejudice” because she “has not suffered any delay as a result of the entry of default[, w]ritten discovery has been exchanged between parties and Plaintiff’s deposition has been taken[, and] no deadlines have been established in this matter.” (ECF No. 32 at 5-6.) In opposition, Plaintiff argues that she will suffer prejudice if the Court sets aside the entry of default because “MTC’s dilatory conduct has given it a leg up in this litigation.”

(ECF No. 38 at 6.) Specifically, Plaintiffs alleges that "[MTC] has not participated in any discovery, though Plaintiff was already deposed, and the remaining parties have already exchanged written discovery. Were this Court to lift the default, MTC could take advantage of its late entry into the litigation." (*Id.*)

The Court finds Plaintiff's argument unconvincing, *see In re O'Brien Env't Energy, Inc.*, 188 F.3d 116, 127 (3d Cir. 1999) ("[P]rejudice is not merely the loss of an advantageous position but must be something more closely tied to the merits of the issue."), and as such, finds that Plaintiff has not demonstrated that she will be prejudiced under Rule 55 if the entry of default is set aside.

**b. Meritorious Defense**

The Third Circuit has found that "the showing of a meritorious defense is accomplished when 'allegations of [a] defendant's answer, if established on trial, would constitute a complete defense to the action.'" *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). A meritorious defense for setting aside a default requires only that the defendant "produce a defense that is 'litigable,'" or "not 'facially unmeritorious.'" *Easley v. Hollibaugh*, No. CIV.A. 19-2026, 2021 U.S. Dist. LEXIS 149556, at *6 (M.D. Pa. Aug. 10, 2021) (citations omitted).

In their proposed Answer, MTC asserts a number of affirmative defenses, including—among other things—that (1) "Plaintiff's injuries, if any, were caused through the sole carelessness, recklessness and/or negligence of the Plaintiff"; (2) "Plaintiff's injuries, if any, were caused by the acts or omissions of third parties, over which [MTC] had no control and/or obligation to control"; and (3) "If any unsafe or dangerous condition existed at the premises as alleged in Plaintiff's Complaint, [MTC] took all reasonable steps to correct such unsafe or dangerous condition." (ECF No. 32-1 at 11-13.) While it is difficult for the Court to weigh the merits of the

proposed defenses without the benefit of full discovery, the Court finds that MTC has made a showing of defenses which at least have merit on their face. *See Sarullo v. C-Town Supermarket*, No. CIV.A. 08-178, 2010 U.S. Dist. LEXIS 20401, at *5 (E.D. Pa. Mar. 5, 2010) (identifying “Plaintiff's own negligence caused the accident” as meritorious defense in motion to set aside default judgment for slip-and-fall action).

Thus, this factor weighs in favor of setting aside the default.

**c. Culpable Conduct**

The "standard for 'culpable conduct' in this Circuit is the 'willfulness' or 'bad faith' of a non-responding party." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3d Cir. 1984). "Appropriate application of the culpable conduct standard requires ... more than mere negligence." *Estate of Hernandez v. Kretz*, No. CIV.A. 12-3152, 2015 U.S. Dist. LEXIS 91610, at *7-8 (D.N.J. July 15, 2015) (quoting *Hritz*, 732 F.2d at 1183). "Reckless disregard for repeated communications from plaintiffs and the court ... can satisfy the culpable conduct standard." *Hritz*, 732 F.2d at 1183.

This case does not present a straightforward question of culpability. On one hand, MTC was undoubtedly aware that service was attempted several times in October 2024, for on October 14, 2024, W. Miles called the contact card that the process server left at his address. (ECF No. 6 at 2.) Despite W. Miles ultimately being served on January 4, 2025 (ECF No. 20) and the Clerk of Court entering default against MTC on April 14 (ECF No. 26), MTC did not secure counsel or file the instant Motion until June 16 (ECF Nos. 30-32). On the other hand, MTC alleges that as soon as it retained counsel, “counsel acted swiftly to set aside the entry of default.” (ECF No. 32 at 8.) Additionally, because W. Miles is not a lawyer, it is plausible that he did not understand the consequences of an entry of default. The Court finds that MTC’s failure to respond to the

Complaint by the deadline, which MTC attributes to its delay in finding counsel, is negligent, but is not reckless or willful.[1]

Accordingly, the Court is persuaded that, in conjunction with MTC's meritorious defense and the absence of prejudice to Plaintiff and bad faith conduct, the vacatur of the entry of default is appropriate in view of the Third Circuit's preference for disposition on the merits. *See $55,518.05 in U.S. Currency*, 728 F.2d at 194; *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987); *Momah v. Albert Einstein Med. Ctr.*, 161 F.R.D. 304, 307 (E.D. Pa. 1995) ("Generally, courts look upon the default procedure with disfavor because the interests of justice are best served by obtaining a decision on the merits.")

## IV. CONCLUSION

For the reasons stated herein, the Court grants MTC's Motion to Set Aside Entry of Default. (ECF No. 32.) An appropriate Order follows.

**BY THE COURT:**

**/s/ Kelley B. Hodge**

**HODGE, KELLEY B., J.**

[1] The Court cautions MTC that while its negligence is not fatal in this instance, it could be in a differing circumstance, and is frowned upon by the Court. The Court expects that now that MTC is equipped with counsel, negligence will no longer be evidenced in this litigation.